

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GINA D'ESTE, on behalf of herself and others similarly situated,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>BAYER CORPORATION and JOHN DOES, 1-50,<br><br>   Defendants - Appellees. | No. 07-56577<br><br>D.C. No. CV-07-03206-JFW-PLA<br><br>MEMORANDUM[*] |
| WILLIAM BARNICK, on behalf of himself and others similarly situated,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>WYETH,<br><br>   Defendant - Appellee. | No. 07-56684<br><br>D.C. No. CV-07-03859-SVW |
| ROXANA MENES, on behalf of herself and all others similarly situated, | No. 08-55286 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California

John F. Walter, District Judge, Presiding
Stephen V. Wilson, District Judge, Presiding
Edward Rafeedie, Senior District Judge, Presiding

Argued February 11, 2009
Resubmitted July 20, 2012

Before: KLEINFELD, SILVERMAN, and IKUTA, Circuit Judges.

In these three consolidated cases, pharmaceutical sales representatives Gina

D'Este, William Barnick, and Roxana Menes ("Plaintiffs") appeal the district

courts' decisions granting summary judgment to Defendants Bayer Corporation,

Wyeth Pharmaceuticals, and Roche Laboratories, Inc., with respect to Plaintiffs'

claims for unpaid overtime wages under California Labor Code § 510. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on the ground that

Plaintiffs fall under the "administrative" exemption to California's overtime wage

requirements. *See* Cal. Labor Code § 515(a); Cal. Code Regs. tit. 8, § 11040(1)(A)(2).[1]

First, Plaintiffs' duties involved "[t]he performance of . . . non-manual work directly related to management policies or general business operations" of their employers. Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(a)(I) (2001); *see also* 29 C.F.R. § 541.205 (2001).[2] Their work was "qualitatively" administrative because they were involved in representing their respective companies and promoting sales of prescription drugs within their assigned territories, activities which are characterized as exempt under the incorporated federal regulation 29 C.F.R. § 541.205(b) (2001). *See Harris v. Superior Court*, 266 P.3d 953, 958–60, 963–64 (Cal. 2011). Plaintiffs were not on the production side of the "administrative/production worker dichotomy" because they were not involved in developing or manufacturing pharmaceutical products—the core day-to-day

---

[1]We may affirm the district court's grant of summary judgment on any ground supported by the record. *Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 842 (9th Cir. 2011). Because the record is sufficiently developed for us to affirm on the ground that Plaintiffs fall under California's administrative exemption, we need not reach the question whether they are also exempt as "outside salespersons." *See* Cal. Code Regs. tit. 8, § 11040(1)(C), (2)(M).

[2]The applicable 2001 wage order provides that we are to construe the administrative exemption in light of certain federal regulations under the Fair Labor Standards Act in effect at the time. *Harris v. Superior Court*, 266 P.3d 953, 958 (Cal. 2011); Cal. Code Regs. tit. 8, § 11040(2)(f).

3

business of their employers.  *See Harris*, 266 P.3d at 960–61; *Eicher v. Advanced Bus. Integrators, Inc.*, 61 Cal. Rptr. 3d 114, 119–21 (Ct. App. 2007); 29 C.F.R. § 541.205(a) (2001).

Plaintiffs' work was "quantitatively" administrative because it was of "substantial importance to the management or operations of the business."  *Harris*, 266 P.3d at 959–60 (discussing § 541.205(a) and (c)).  They performed more than "routine clerical duties," § 504.205(c)(2), and their work "affect[ed] business operations to a substantial degree," § 504.205(c), because each Plaintiff was responsible for disseminating his or her employer's message to the market, improving market share, and generating a large amount of business for the company.  Contrary to Plaintiffs' assertion, it is not determinative that they did not participate in the formulation of their employers' sales and promotional policies at the company level, *see* § 501.205(c), or that Defendants employed a number of other pharmaceutical sales representatives to perform the same work as Plaintiffs within their own respective territories, *see* § 501.205(c)(6).[3]

Second, Plaintiffs "customarily and regularly" exercised "discretion and independent judgment" as part of their job.  Cal. Code Regs. tit. 8,

---

[3]Plaintiffs' reliance on a 1997 opinion letter by the Department of Labor is misplaced because that letter is not one of the federal sources specifically cited in the 2001 wage order applicable here.  *See Harris*, 266 P.3d at 965.

4

§ 11040(1)(A)(2)(b); *see also* 29 C.F.R. § 541.207 (2001). Although they were assigned particular doctors to target and products to promote, they exercised discretion in applying the training they received, tailoring their message based on their knowledge of individual doctors, and distinguishing their employers' products from those of competitors. Plaintiffs performed more than "rote, mechanical work," and the procedures they were required to follow in delivering their message to doctors and hospitals merely channeled their discretion, rather than eliminating it or making it inconsequential. *In re UPS Wage & Hour Cases*, 118 Cal. Rptr. 3d 834, 853 (Ct. App. 2010); *see also see also Combs v. Skyriver Commc'ns, Inc.*, 72 Cal. Rptr. 3d 171, 190–91 (Ct. App. 2008).

Third, Plaintiffs "perform[ed] under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge." Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(d). They do not dispute that they received specialized sales training, nor that they controlled how they spent their days and very rarely operated under direct supervision.

Fourth, Plaintiffs were "primarily engaged in duties that meet the test of the exemption." Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(f); *see also Eicher*, 61 Cal. Rptr. 3d at 118. Plaintiffs agree that they spent the vast majority of their time calling on doctors and hospitals in an effort to promote their employers' products

5

and improve market share, and, as discussed above, this activity meets the test of the exemption.

Finally, Plaintiffs do not dispute that they earned more than twice the state minimum wage. *See* Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(g).

**AFFIRMED.**